UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COLLEEN A. O'HALLORAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 16-10211-JGD |
| NATIONSTAR MORTGAGE, LLC, | ) | |
| and DOES 1–10, INCLUSIVE, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

January 25, 2017

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiff, Colleen A. O'Halloran ("O'Halloran"), has brought this *pro se* action against the defendant, Nationstar Mortgage, LLC ("Nationstar"),[1] alleging that the defendant engaged in wrongful conduct in connection with O'Halloran's efforts to modify her mortgage loan and avoid a foreclosure on the property located at 2 Leland Drive, Sherborn, Massachusetts (the "Property"). Although sounding in several counts, all of the counts are premised on two allegations, specifically that Nationstar wrongfully failed to modify the mortgage loan despite the fact that O'Halloran made three timely trial plan payments under a trial payment plan

---

[1] The Complaint also purports to name "Does 1 through 10, Inclusive" as defendants. However, the plaintiff has made no effort to name those individuals as defendants, or to serve them with the Complaint, and the claims against them are hereby dismissed. See Figueroa v. Rivera, 147 F.3d 77, 82-83 (1st Cir. 1998) (complaint against John Doe defendants properly dismissed when there had been no attempt to serve them with complaint, and summary judgment motion was ripe for resolution).

("TPP"), and that the Town of Sherborn, and not O'Halloran, was the true owner of the Property.  Discovery is complete, and the matter is presently before the court on Nationstar's Motion for Summary Judgment.  (Docket No. 21).  Because the undisputed facts establish that O'Halloran did not make three timely trial plan payments as required by the TPP, and that O'Halloran was the rightful owner of the Property, the defendant's motion for summary judgment is ALLOWED.

## II. STATEMENT OF FACTS[2]

On November 5, 2007, the plaintiff entered into a loan agreement with Taylor, Bean & Whitaker Mortgage Corp., and executed a promissory note in the original principal amount of approximately $90,000.00, secured by a mortgage on the Property.  (DF ¶ 1; Compl. ¶ 6).  After a series of transactions, the details of which are not relevant here, Nationstar became the holder of the note and mortgage, and is also the mortgage servicer.  (DF ¶ 2; Compl. ¶ 6).

### The Loan Modification Transaction

According to O'Halloran, she began experiencing financial difficulties sometime subsequent to June 12, 2013.  (Compl. ¶ 7).  It is undisputed that in or about December 2014, O'Halloran and Nationstar entered into discussions about a possible loan modification.  (DF ¶ 9; Compl. ¶ 8).  Nationstar approved O'Halloran for a TPP pursuant to which O'Halloran was obligated to make three payments in the amount of $678.25 on or before January 1, 2015,

---

[2] Unless otherwise indicated, the facts are derived from Defendant's Statement of Material Facts (Docket No. 23) ("DF"), the exhibits submitted by the defendant along with the declaration of its counsel (Docket No. 25) ("Def. Ex. __") and the Declaration of Fay Janati, a Litigation Resolution Analyst for Nationstar (Docket No. 24) ("Nationstar Decl."), as well as Plaintiff's Statement of Material Facts (Docket No. 28) ("PF"), the Declaration of Colleen A. O'Halloran (Docket No. 29) ("O'Halloran Decl."), and the *pro se* Complaint (Docket No. 1) ("Compl.").

February 1, 2015 and March 1, 2015.  (DF ¶ 10; Compl. ¶ 8; Docket No. 13-1).  As the letter to O'Halloran provided:

> **We must receive each payment in the month in which it is due.  If you miss a payment or do not fulfill any other terms of your trial period, this offer will end and your mortgage loan will not be modified.**

(Docket No. 13-1).

O'Halloran alleges that she made the three payments in a timely manner.  (See O'Halloran Decl. ¶ 7).  However, O'Halloran admitted in court, and the undisputed documentary evidence establishes, that she did not make the second or third payments in a timely manner.  Specifically, it is undisputed that Nationstar received the first trial payment from O'Halloran in the amount of $678.25 on or about December 29, 2014.  (DF ¶ 12).  The evidence shows further, however, and O'Halloran admits, that while she tried to make the second trial payment on or about January 31, 2015 by personal check, this payment was reversed due to insufficient funds on February 5, 2015, because O'Halloran did not actually have sufficient funds in the account to cover the check.  (DF ¶¶ 16-17).  On February 5, 2015, Nationstar sent O'Halloran a letter stating that the payment had been returned due to "Insufficient Funds."  (DF ¶ 29).  The notice provided further:

> You must replace this check with certified funds immediately.  Acceptable certified funds include a Money Order, Money Gram, Wester Union, or a Cashier's Check from a banking institution.  You may not replace a returned check with another check payment.

(Nationstar Decl. Ex. 3).  Nationstar did not receive any additional payments until March 10, 2015, at which time it received a payment of $1,000.00 from O'Halloran.  (DF ¶ 31).  Not only was this payment late, but it also was insufficient to satisfy O'Halloran's obligation to pay

$678.25 in both February and March. (DF ¶ 32). It does not appear that O'Halloran has made any mortgage payments since March 10, 2015.

Since O'Halloran's trial plan failed, she was ineligible for a final loan modification. (DF ¶ 38). Nationstar notified O'Halloran by letter dated March 14, 2015 that her loan modification request had been denied because she "did not make the required Trial Period Plan payments." (Nationstar Decl. Ex. 4; DF ¶ 39). On or about May 1, 2015, O'Halloran received a notice that Nationstar had referred the loan to foreclosure. (Compl. ¶ 11). O'Halloran replied by letter dated May 29, 2015, objecting to the foreclosure because she had paid $1,000 in March. (Compl. ¶ 12 & Ex. 5; PF ¶ 17). O'Halloran contends that she sent a demand letter pursuant to Mass. Gen. Laws ch. 93A to Nationwide before commencing this action, but Nationstar denies receiving any such letter and no such letter has been submitted to the court. (PF ¶ 20; Nationstar Decl. ¶ 33).

### **Title to the Property**

It is the plaintiff's contention that only the Town of Sherborn has the right to foreclose on the Property. The relevant facts are as follows.

O'Halloran purchased the Property in November 2007 from the Town of Sherborn. The Property was conveyed to O'Halloran by a Unit Deed from the Town of Sherborn to Colleen A. O'Halloran, recorded with the Middlesex South Registry of Deeds on November 6, 2007, at Book 50318, Page 319. (DF ¶ 45; Def. Ex. C). Thus, pursuant to the Deed, O'Halloran, and not the Town, is the owner of the Property.

The Property constitutes affordable housing, and is subject to a Housing Development Support Program Regulatory Agreement, which is annexed to, and recorded with, the Deed.

(DF ¶ 47; Def. Ex. C). Under ¶ 4(a) of this Agreement, entitled "Rights of Mortgagees," a holder of a mortgage may "acquire the Property by reason of foreclosure or similar remedial action under the provisions of such mortgage[.]" (See DF ¶ 48; Def. Ex. C). Therefore, there is nothing in O'Halloran's title which prohibits Nationstar from foreclosing on the Property.

Additional facts will be provided below where appropriate.

### III. ANALYSIS

#### A. Standard of Review

"The role of summary judgment is 'to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" PC Interiors, Ltd. v. J. Tucci Constr. Co., 794 F. Supp. 2d 274, 275 (D. Mass. 2011) (quoting Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991)) (additional citation omitted). The burden is upon the moving party to show, based upon the discovery and disclosure materials on file, and any affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A]n issue is 'genuine' if it 'may reasonably be resolved in favor of either party.'" Vineberg v. Bissonnette, 548 F.3d 50, 56 (1st Cir. 2008) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990)). "A fact is 'material' only if it possesses the capacity to sway the outcome of the litigation under the applicable law." Id. (quotations, punctuation and citations omitted).

"Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue." PC Interiors, Ltd., 794 F. Supp. 2d at 275. The opposing party can avoid summary judgment only by providing properly supported evidence of disputed material facts. LeBlanc v. Great Am. Ins. Co., 6 F.3d

[5]

836, 841-42 (1st Cir. 1993). Accordingly, "the nonmoving party 'may not rest upon mere allegation or denials of his pleading[,]'" but must set forth specific facts showing that there is a genuine issue for trial. Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986)). The court affords "no evidentiary weight to conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative." Tropigas de Puerto Rico, Inc. v. Certain Underwriters at Lloyd's of London, 637 F.3d 53, 56 (1st Cir. 2011) (internal quotation marks and citation omitted). Rather, "[w]here, as here, the nonmovant bears the burden of proof on the dispositive issue, it must point to 'competent evidence' and 'specific facts' to stave off summary judgment." Id. (citation omitted).

Applying these principles to the instant case compels the conclusion that the defendant's motion for summary judgment must be allowed.

### B. Claims of Fraud and Misrepresentation

In Counts I and II of her Complaint, O'Halloran purports to state claims for fraud and misrepresentation on the grounds that Nationstar allegedly made false statements in connection with its promise to modify her loan. These counts are dependent on a finding that O'Halloran made all of the payments due under the TPP, and that the Town of Sherborn is the true owner of the Property. (See Compl. ¶¶ 19(a) & (b)).[3] Since the controlling documents

---

[3] In ¶ 19(a) of her Complaint, O'Halloran claims that "Nationstar has refused to provide Plaintiff with a permanently modified loan pursuant [to] the Trial Plan" even though she "timely made all three consecutive Trial Payments of $678.25 on or before January 1, 2015; February 1, 2015; and March 1, 2015 respectively." In ¶ 19(b), she alleges that Nationstar's representation that it has the right to foreclose on the Property "is a misrepresentation because The Town of Sherbon [sic] is the true owner of the Subject Property and only The Town of Sherborn has the right to foreclosure upon Subject Property."

[6]

establish conclusively that O'Halloran did not make the payments in a timely manner, and that she was the owner of the Property, these claims must fail. This court cannot accept the plaintiff's "version of events if it is 'blatantly contradicted' by the evidence." Medina-Rivera v. MVM, Inc., 713 F.3d 132, 136 (1st Cir. 2013) (citation omitted).

    **C.**    **Claim of Violation of FTC Act, 15 U.S.C. § 45(a)**

In Count III of her Complaint, O'Halloran alleges a violation of § 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45(a). Specifically, O'Halloran contends that the alleged misrepresentations which form the basis of Counts I and II constitute unfair and deceptive acts or practices under the FTCA. This count must fail because, as detailed above, the record establishes that the plaintiff did not make the three timely payments required under the TPP, and that the Town of Sherborn did not own the Property. Accordingly, there is no support for O'Halloran's claim that Nationstar made misrepresentations. This claim must fail for the additional reason that "Section 5 of the FTCA does not authorize a private right of action." Flores v. OneWest Bank, F.S.B., 172 F. Supp. 3d 391, 397 (D. Mass. 2016), appeal filed, No. 16-1385 (1st Cir. Apr. 8, 2016). See also Lee v. BAC Home Loans Servicing, LP, Civil Action No. 10-12226-GAO, 2013 WL 212615, at *4 (D. Mass. Jan. 18, 2013) ("there is no private right of action under the FTCA"). For this reason, as well, Count III must be dismissed.

    **D.**    **Alleged Violation of Mass. Gen. Laws ch. 93A**

In Count IV, O'Halloran contends that the misrepresentations allegedly made by Nationstar constitute unfair and deceptive practices in violation of Mass. Gen. Laws ch. 93A. For the reasons detailed above, the plaintiff has failed to establish that Nationstar made any misrepresentations, so this count must be dismissed. In addition, despite being given the

opportunity to do so, O'Halloran has failed to prove that she sent a demand letter to Nationstar as required by Mass. Gen. Laws ch. 93A, § 9(3), which provides that "[a]t least thirty days prior to the filing of any action [under Mass. Gen. Laws ch. 93A, § 9], a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent." Nationstar denies ever receiving such a letter. (DF ¶ 44). While O'Halloran alleges that she sent a demand (see O'Halloran Decl. ¶ 6), she has offered no proof in support of that claim, nor has she provided any facts from which the court could ascertain the content of any such alleged demand letter. Thus, this count must fail for the additional reason that the plaintiff has failed to prove that she fulfilled the statutory requirements of a demand letter under ch. 93A. See Hugenberger v. Alpha Mgmt. Corp., 83 Mass. App. Ct. 910, 911, 990 N.E.2d 104, 106 (2013) (plaintiff has the burden of proving that a demand letter that met the statutory requirements was sent; "[i]t also bears stating that the demand letter itself (and any written tender of settlement in response thereto) would be the best evidence of their contents.") (and cases cited).

### E. Alleged Breach of Contract

In the final count of the Complaint, Count V, O'Halloran alleges that Nationstar breached its contract by failing to modify the loan despite the fact that she had "timely made all three consecutive payments[.]" (Compl. ¶ 43). Since the record establishes that the plaintiff did not, in fact, make the payments that were due, the claim for breach of contract must fail.

## IV. CONCLUSION

For all the reasons detailed herein, Defendant's Motion for Summary Judgment (Docket No. 21) is ALLOWED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge